IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        Plaintiff,

        v.                          Case No. 05-2004-KHV

DALE MAY AND
JUDY K. GILLILAND (MAY),
WILLIAM E. BISHOP, D/B/A THE CORNER,
RENT-A-RIDE,
CINDY BOOKOUT,
THE TRUST COMPANY,
AMY SNYDER,
ARLO HANSEN D/B/A GOODLAND SINCLAIR,
M&M GRAVEL and SALES, and
SECURITY STATE BANK

## JOURNAL ENTRY OF JUDGMENT AND FORECLOSURE

Comes on for hearing the Complaint of the United States. The United States appears by Eric F. Melgren, United States Attorney for the District of Kansas, and Christopher Allman, Assistant United States Attorney for said District. Brenda J. Bell and Michael Gillespie, Seaton, Bell, Seaton & Gillespie, L.L.P., appear for John Lambote, assignee of defendant, The Trust Company. No other Defendants appear. There are no other appearances.

The Court, upon examining its files and pleadings herein, finds as follows:

1.     The Complaint in this action was filed on January 3, 2005 (Doc. 1). The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and property that is the subject of the action.

2.     Defendant Security State Bank executed and returned the Waiver Of Service Of Summons form that was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C)

(Doc. 2).  Said waiver of service of summons is hereby approved by the Court. Defendant Security State Bank filed its Answer disclaiming all interest in the real estate which is the subject of this action on January 28, 2005 (Doc. 7).

3. Defendant William E. Bishop, doing business as The Corner, executed and returned the Waiver Of Service Of Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 3).  Said waiver of service of summons is hereby approved by the Court.

4. Defendant Arlo Hansen, doing business as Goodland Sinclair, executed and returned the Waiver of Service of Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 4).  Said waiver of service of summons is hereby approved by the Court.

5. Defendant Rent-A-Ride executed and returned the Waiver of Service of Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 5).  Said waiver of service of summons is hereby approved by the Court.

6. Defendant Amy Snyder executed and returned the Waiver of Service of Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 6).  Said waiver of service of summons is hereby approved by the Court.

7. Defendant M&M Gravel executed and returned the Waiver of Service of Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 9).  Said waiver of service of summons is hereby approved by the Court.

8. Defendant Judy K. Gilliland executed and returned the Waiver of Service of

Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 12).  Said waiver of service of summons is hereby approved by the Court.

9. Defendant Cindy Bookout executed and returned the Waiver of Service of Summons form which was filed with the Court on January 24, 2005, in accordance with Rule 4(c)(2)(C) (Doc. 13).  Said waiver of service of summons is hereby approved by the Court.

10. Defendant Dale May was personally served with a copy of the complaint and summons by the Sheriff of Sherman County, Kansas, on March 19, 2005 (Doc. 16).  Said service of summons is hereby approved by the Court.

11. Defendant The Trust Company, by its assignee John Lambote, executed and returned the Waiver of Service of Summons form that was filed with the Court on February 7, 2005 in accordance with Rule 4(c)(2)(C) (Doc. 8).  Said waiver of service of summons is hereby approved by the Court.

12. Defendant The Trust Company, by its assignee John Lambote, filed its Answer to the Complaint (Doc. 11) on February 15, 2005, alleging that it holds an interest in the subject property by virtue of a judgment lien in Case No. 01-C-05 in the District Court of Cheyenne County, Kansas, arising from and rendered in the United States Bankruptcy Court for the District of Kansas, Case No. 96-42752, Adversary Case No. 97-7008, to-wit:  a judgment in the principal sum of $8,303.78, plus interest from February 15, 2005, at the rate of 5% per annum until paid.

13. Defendants William E. Bishop, Arlo Hansen, Rent-A-Ride, Amy Snyder, Judy K. Gilliland (May), M & M Gravel and Cindy Bookout failed to appear, plead, or otherwise defend herein within the time allowed, and default was entered by the Clerk of the Court against William E. Bishop,

Arlo Hansen, Rent-A-Ride, Amy Snyder, Judy K. Gilliland (May), and M & M Gravel on March 10, 2005 (Doc. 15) and against Cindy Bookout on March 31, 2005 (Doc. 17).

14. Defendant Dale May failed to appear, plead, or otherwise defend within the time allowed, and default was entered by the Clerk of the Court against Defendant Dale May on April 11, 2005 (Doc. 19).

15. Plaintiff has no information to indicate that defendants Dale May, Judy K. Gillian (May), William E. Bishop d/b/a The Corner, Arlo Hansen d/b/a Goodland Sinclair, Rent-A-Ride, Amy Snyder, M & M Gravel and Cindy Bookout are infants, incompetent persons or in the military service of the United States within the purview of the Soldiers' and Sailors' Civil Relief Act of 1984, as amended.

16. Defendants Dale May, Judy K. Gilliland (May), William E. Bishop d/b/a The Corner, Arlo Hansen d/b/a Goodland Sinclair, Rent-A-Ride, Amy Snyder, M & M Gravel and Cindy Bookout are wholly in default and the United States is entitled to have default judgment entered in its favor against said Defendants.

17. On December 20, 1989, defendants Dale May and Judy K. Gilliland (May), executed and delivered to the Plaintiff, acting through the Farmers Home Administration, now Farm Service Agency, United States Department of Agriculture, four promissory notes whereby they promised to pay the Plaintiff:

a) the principal amount of $116,774.90 together with interest thereon at the rate of five percent (5%) per annum on the unpaid balance which was a reamortization of an original note dated February

22, 1977;

    b)  the principal amount of $98,595.37 together with interest thereon at the rate of eight percent (8%) per annum on the unpaid balance which was a reamortization of an original note dated March 24, 1978;

    c)  the principal amount of $18,743.51 together with interest thereon at the rate of five percent (5%) per annum on the unpaid balance which was a reamortization of an original note dated March 24, 1978; and

    d)  the principal amount of $42,094.94 together with interest thereon at the rate of three percent (3%) per annum on the unpaid balance which was a reamortization of an original note dated March 24, 1978.

As consideration for said notes the Plaintiff made a Rural Housing loan to said Defendants pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. §1471m <u>et</u> <u>seq</u>.).

    18.    To secure the payment of said promissory notes, defendants, Dale May and Judy K. Gilliland (May), executed and delivered a purchase-money security interest in the form of a real estate mortgage upon certain real estate located in Sherman County, Kansas:

> The Southeast Quarter (SE 1/4) of Section One (1);
> the Northwest Quarter (NW 1/4) of Section Two (2);
> and the Northeast Quarter (NE 1/4) of Section Three
> (3), All in Township Six (6) South, Range Thirty-
> nine(39), West of the 6th Principal Meridian in
> Sherman County, Kansas
>
> All irrigation pumps, motors, gearheads and sprinklers and
> Replacements thereof.

    19.    These real estate mortgages were filed for record in the office of the Register of

Deeds of Sherman County, Kansas, as follows: December 20, 1989, Book 66 at Page 724; October 27, 1987, in Book 58 at Page 625; March 24, 1978, in Book 22 at Page 198; and February 22, 1977, in Book 16 at Page 376.

20. Plaintiff is the owner and holder of said promissory notes and real estate mortgages.

21. Defendants, Dale May and Judy K. Gilliland (May), have failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of said notes and real estate mortgages. Plaintiff has elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and has made demand for said amounts. No payment has been received.

22. Defendants, Dale May and Judy K. Gilliland (May), now owe Plaintiff, under the provisions of the promissory notes and real estate mortgages, the sum of $306,687.62 principal; together with accrued interest on principal in the amount of $175,461.20 as of May 10, 2004; plus interest accruing thereafter at the daily rate of $47.8092 on principal to the date of judgment herein; plus interest thereafter at the legal rate set forth in 28 U.S.C. § 1961, which is 3.33%; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the future incurred.

23. No other action has been brought for recovery of said sum or any part thereof, nor has said sum or any part thereof been paid.

24. Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

25. Defendants, Dale May and Judy K. Gilliland (May), have refused to make payment of said amounts due and are wholly in default under the terms of the promissory notes and real estate mortgages, and the mortgages are subject to foreclosure. Plaintiff is, therefore, entitled to the foreclosure of its mortgages and to have its mortgaged property sold to satisfy the debt, interest and costs constituting a lien on the property.

26. The Court further finds that John Lambote, assignee of defendant The Trust Company, holds a judgment in the principal sum of $8,303.78, plus interest from February 15, 2005 at the rate of 5% per annum until paid; and that John Lambote assignee of defendant The Trust Company has a valid lien in those amounts against the property that is the subject of this foreclosure.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this Court are hereby made the order of this Court.

IT IS FURTHER ORDERED that the United States is granted judgment against defendants Dale May and Judy K. Gilliland (May) in the sum of $306,687.62 principal; together with accrued interest on principal in the amount of $175,461.20 as of May 10, 2004; plus interest accruing thereafter at the daily rate of $47.8092 on principal plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus post-judgment interest at the legal rate set forth in 28 U.S.C. § 1961, which is 3.33 %; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2); plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the subject real property.

IT IS FURTHER ORDERED that this judgment is a first and prior lien on the property herein

described, that John Lambote, assignee of defendant The Trust Company, has a second lien on the property and that its second lien is junior and inferior to the lien of the United States.  The interests of defendants,William E. Bishop d/b/a The Corner, Arlo Hansen d/b/a Goodland Sinclair, Rent-A-Ride, Amy Snyder, M & M Gravel and Cindy Bookout if any, in the property are inferior to the United States' interest, and any interest these Defendants may have in the property that is the subject of this action is foreclosed.

IT IS FURTHER ORDERED that if the amount owing Plaintiff is not paid within ten (10) days from this date, an Order of Sale directed to the United States Marshal for the District of Kansas shall issue upon proper motion being filed, commanding him to advertise and sell said described land and real estate at public sale at the front door of the Sherman County Courthouse, Goodland, Kansas, as though taken on execution and without appraisal, and subject to the confirmation of said sale by this Court.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Plaintiff may bid up to the full amount due it at the time of said sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale.

IT IS FURTHER ORDERED that out of the proceeds arising from said sale, there be satisfied in the following order, as far as the same shall be sufficient:

(1)     Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of said sale and of this action;

(3)     The interest accruing on Plaintiff's in personam judgment against the
        above-named defendants Dale May and Judy K. Gilliland (May);

(4)     Plaintiff's in personam judgment against the defendants Dale May and
        Judy K. Gilliland (May) to the Plaintiff and also found to be a lien upon
        the subject real estate; and,

(5)     The balance thereof, if any, be brought into the Court to await its
        further order.

IT IS FURTHER ORDERED that the real estate being foreclosed upon and sold herein shall be sold at public sale in accordance with 28 U.S.C. §§2001-2003, inclusive, subject to a redemption period not to exceed three months, pursuant to the provisions of K.S.A. § 60-2414, and subject to any unpaid prior mortgages of record, real property taxes or special assessments.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon confirmation of said sale by this Court, the United States Marshal for the District of Kansas shall issue to said purchaser a Certificate of Purchase. Upon expiration of the Defendant's redemption period without redemption of the property, the Marshall shall issue a deed conveying said real estate upon presentation of the Certificate of Purchase. This deed shall convey the real estate to the holder. The Defendants herein, and all persons claiming by, through or under him, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against said real estate or any part or portion thereof.

IT IS FURTHER ORDERED that if the purchaser of the real estate is denied possession thereof, a Writ of Assistance will issue out of this Court upon the filing of a proper Motion therefore and without further order of the Court to place the purchaser of the real estate in peaceable possession

9

thereof.

IT IS FURTHER ORDERED THAT if the judgment in personam against defendants, Dale May and Judy K. Gilliland (May), are not wholly satisfied out of the proceeds of said sale, Plaintiff shall have judgment against the defendants, Dale May and Judy K. Gilliland (May), for such deficiency as may exist after crediting such proceeds together with interest thereon at the legal judgment rate.

Dated this 4th day of May, 2005, at Kansas City, Kansas.


s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge


Approved by:

s/ Brenda J. Bell
Brenda J. Bell, #13653
SEATON, BELL, SEATON & GILLESPIE, L.L.P.
410 Humboldt - P.O. Box 816
Manhattan, KS 66505-0816
785-776-4788
785-776-2449 (FAX)
Attorney for Defendant John Lambote, Assignee of
the Trsut Company of Manhattan

Approved by:

ERIC F. MELGREN
United States Attorney

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101

Ks. S.Ct. No. 14225
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: chris.allman@usdoj.gov
ELECTRONICALLY SUBMITTED
    Attorneys for Plaintiff.